IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAR BOYKINS, | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| KML LAW GROUP, P.C., | : | No. 16-1833 |
| *Defendant*. | : | |
| | : | |

# O R D E R

**AND NOW**, this 27th day of December, 2016, upon consideration of Defendant KML Law Group P.C.'s Motion to Dismiss (Docket No. 6),[1] it is hereby **ORDERED** that the motion is **GRANTED** and the Complaint is **DISMISSED without prejudice**.[2] Plaintiff shall file an amended complaint on or before February 10, 2017.

---

[1] The Court granted Plaintiff's request for an extension of time and ordered him to respond to Defendant's Motion to Dismiss on or before August 31, 2016 (Docket No. 9). On October 12, 2016, the Court again ordered Plaintiff to respond to the Motion no later than fourteen days from the date of the order, or it would consider granting the Motion as unopposed (Docket No. 10). Plaintiff has not yet filed a response, so the Court will consider Defendant's Motion unopposed.

[2] Plaintiff's complaint raises a variety of claims under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* stemming from Defendant filing a mortgage foreclosure action in state court. Plaintiff's complaint alleges that Defendant made false and misleading representations with regards to the amount of the debt in the mortgage complaint, improperly asserted attorney's fees, sought an *in rem* judgment, used deceptive means to collect debt, improperly sent "dunning" communication, and communicated with Plaintiff without his consent or without permission from a court of law.

The Court is required to hold a *pro se* plaintiff's complaint "to less stringent standards than formal pleadings drafted by lawyers," but "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013) (internal quotation marks omitted). Dismissal of a complaint is proper under Fed. R. Civ. P. 12(b)(6) if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Here, even after applying the liberal standard required for *pro se* complaints, Plaintiff has not alleged sufficient facts to substantiate his claims. Indeed, the complaint largely parrots the legal

**Civil #16-1833**

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

elements of the FDCPA causes of action it pleaded.  The complaint likewise may suffer from statute of limitations issues, as the statute of limitations for claims under the FDCPA is one year.  *See* 15 U.S.C. § 1692k (d).  A Court "should not deny leave to amend 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'"  *El v. Wehling*, 548 F. App'x 750, 753 (3d Cir. 2013).  Here, there is some indication that a valid claim might be stated by the Plaintiff, so the Court will give him the opportunity to cure the deficiencies in his initial filing.