IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR BOYKINS,<br>      *Plaintiff*<br><br>v.<br><br>KML LAW GROUP, P.C.,<br>      *Defendant* | CIVIL ACTION<br><br>No.  2:16-cv-01833-GEKP |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT, KML LAW GROUP, P.C., TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE PURSUANT TO FED.R.CIV.P. 41(b)

I.  **Procedural History**

Plaintiff, Jamar Boykins, commenced this action by first filing an Application to Proceed in Forma Pauperis accompanied by a copy of the Complaint. On April 20, 2016, the Court entered an Order denying Plaintiff's Motion without prejudice.  On May 9, 2016, Plaintiff filed an Amended Motion for Leave to Proceed in Forma Pauperi, which the Court again denied on May 11, 2016.  On June 10, 2016, Plaintiff filed his Complaint against Defendant, KML Law Group, P.C.  A Summons was issued and forwarded to Plaintiff.  However, Plaintiff failed to serve the Summons and Complaint upon Defendant.

On July 8, 2016, Defendant filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief could be granted, and under Rule 12(b)(5) for insufficient service of process, and/or a motion for summary judgment under Rule 56, pursuant to Rule 12(d), along with a supporting brief.  On July 27, 2016, Plaintiff filed a Motion for Extension of Time to respond to Defendant's Motion to Dismiss. On August 5, 2016, the Court entered an Order granting Plaintiff's Motion requiring him to respond to

1

Defendant's Motion to Dismiss by August 31, 2016. When Plaintiff failed to file a response to the Motion to Dismiss, on October 11, 2016, the Court entered a further Order requiring Plaintiff to respond no later than fourteen (14) days from the date of the Order or the Court may consider granting the Motion as unopposed. Plaintiff still did not file a response to the Motion to Dismiss. Finally, on December 27, 2016, the Court entered an Order granting Defendant's Motion to Dismiss and dismissed Plaintiff's Complaint without prejudice, and further providing that Plaintiff shall file an amended complaint on or before February 10, 2017. Plaintiff did not file an amended complaint as directed by the Order of Court. Now, more than forty (40) days have passed since the filing deadline imposed by the Court, and Plaintiff has still not filed an amended complaint.

Defendant now moves to dismiss the Plaintiff's Complaint with prejudice pursuant to Fed.R.Civ.P. 41(b) and *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), for failure to prosecute and to comply with the Court Orders.

II. <u>**Argument**</u>

Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Where the dismissal order is silent as to its prejudicial value, the dismissal operates as "an adjudication on the merits" pursuant to Fed.R.Civ.P. 41(b). A dismissal for failure to comply with a court order is, by rule, with prejudice unless the dismissal order states otherwise. *Kreidie v. Secretary, Pennsylvania Dept. of Revenue*, 574 Fed.Appx. 114, 117-18 (3d Cir. 2014).

However, the court's decision whether to dismiss a case with prejudice for failure to comply with court orders in subject to the factors enumerated in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863 (3d Cir. 1984),

The six factors set forth in *Poulis* to be considered by the courts in determining whether to dismiss a case with prejudice are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.,* 747 F.2d at 868.  The court need not find that all six factors are met before dismissing a case with prejudice. *Briscoe v. Klaus,* 538 F.3d 252, 263 (3d Cir. 2008).  So long as most factors weigh in favor of dismissal, the district court may dismiss an action for failure to comply. *Poulis,* 747 F.2d at 868. In this case, the factors weigh heavily in favor of dismissal with prejudice.

First, the Plaintiff is proceeding *pro se,* and therefore makes all his own decisions concerning the prosecution of this action, not an attorney, so he is personally responsible for the failure to respond to this Court's Orders, both the August 5, 2016 and later October 11, 2016 Orders requiring him to respond to Defendant's Motion to Dismiss, and the December 27, 2016 Order granting Defendant's Motion to Dismiss without prejudice and requiring Plaintiff to file an amended complaint by February 10, 2017. Therefore, this first factor weighs heavily in favor of dismissal with prejudice.

Second, Defendant has suffered prejudice as a result of Plaintiff's dilatory conduct.  Apart from the time and expense imposed upon Defendant in responding to the Complaint, Plaintiff has

not made any of the required disclosures under Fed.R.Civ.P. 26(a)(1). And the claims asserted by Plaintiff, as acknowledged by this Court in its Order of December 27, 2016, that the Complaint, while raising a variety of claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, even after applying the liberal standard for *pro se* complaints, Plaintiff has not alleged sufficient facts to substantiate his claim, including statute of limitations issues, which makes it even more difficult to defend.

Third, there is most certainly a history of dilatoriness on Plaintiff's part. After Defendant filed its Motion to Dismiss, Plaintiff requested an extension of time to respond, which the Court granted until August 31, 2016. The Plaintiff then failed to meet the extended deadline to respond, and even after the issued a further Order on October 11, 2016, requiring him to respond within fourteen days, Plaintiff once again failed to respond. Finally, after granting Defendant's Motion to Dismiss on December 27, 2016, the Court gave Plaintiff yet another opportunity to move forward with the prosecution of his case and required him to file an amended complaint by February 10, 2017. Again, Plaintiff failed to comply with this last Order. Finally, Plaintiff has never effectuated service of the Summons and Complaint on Defendant as required by Fed.R.Civ.P. 4.

Fourth, because numerous Orders have been served upon Plaintiff to which he has failed to respond, his willfulness can be inferred. *See Cornish v. Norris Square United Presbyterian Congregation,* 2009 WL 1492662 at *5 (E.D.Pa. 2009). Fifth, an alternate sanction is unlikely to be effective in this case. Plaintiff is proceeding *pro se*, and since he had twice requested to proceed *in forma pauperis*, even though these requests were denied, it would appear monetary sanctions would be fruitless. The only viable sanction in this case is to dismiss this action with prejudice. Finally, from the allegations contained in Plaintiff's Complaint, there appears little

4

likelihood of success. Although he was given ample opportunity to do so, Plaintiff has not given the Court any indication that any viable claims against the Defendant might be stated.

### III.  Conclusion

Since Plaintiff has had ample time to file an amended complaint and has failed to do so, it is respectfully requested that this Honorable Court enter an Order dismissing Plaintiff's case with with prejudice.

Respectfully submitted,

KML Law Group, P.C.

_____
Thomas I. Puleo, Esquire
PA Attorney Identification No. 27615
Attorney for Defendant, KML Law Group, P.C.
Mellon Independence Center, Suite 5000
701 Market Street
Philadelphia, PA 19106
(215) 627-1322
tpuleo@kmllawgroup.com